CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

for Roanoke

MAR 12 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT A. MORRISON, | ) | Civil Action No. 7:08-cv-000643 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALBEMARLE CHARLOTTESVILLE | ) | |
| REGIONAL JAIL | ) | |
| EMPLOYEES, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Robert Morrison, a Virginia prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Morrison names the County of Albemarle, Virginia ("Albemarle"); all the Albemarle Charlottesville Regional Jail ("Jail") employees; several correctional officers of the Jail; and the superintendent of the Jail. Morrison alleges that the correctional officers violated his Fourteenth Amendment right to be free from cruel and unusual punishment and Albemarle's and the superintendent's omissions led to his injuries. Morrison seeks compensatory and punitive damages. This case is presently before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the complaint, I terminate the defendant "Albemarle Charlottesville Regional Jail Employees."

I.

Morrison alleges the following. While in custody at the Jail as a pre-trial detainee on October 28, 2008, defendants Lieutenant Booker, Sergeant Jordan, Corporal Burgess, and Officer Colbert collectively exercised excessive force against Morrison to extract him from his cell. (Compl. 3.) Colonel Matthews, the Superintendent of the Jail, allegedly failed to properly train the officers on the proper procedures to extract a prisoner from a cell. (Id. at 10.) The Magistrate Judge conditionally filed the complaint and granted two of Morrison's motions to amend. In his

first motion to amend, Morrison added Albemarle as a defendant. Morrison seeks to hold Albemarle liable as a municipality for Matthews' deliberate indifference to his officers' unlawful actions and his failure to create policies about cell extractions even after he is regularly informed that officers injure inmates during extractions. (First Mot. Am. 2.) Morrison amplified his complaint against Albemarle in his second motion to amend. Morrison argues that the Jail receives money from the United States Bureau of Prisons ("BOP"), and in consideration of those funds, the Jail must conform to the standards of the American Correctional Association which mandates the use of video cameras during cell extractions. Morrison argues that Albemarle condoned a policy, custom, and practice of not using video cameras during cell extractions, violating the BOP contract and his constitutional rights. (Second Mot. Am. 6.)

## II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief," and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the

2

deprivation of that right was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Although I liberally construe <u>pro se</u> complaints, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. <u>See</u> <u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

Although Morrison names all the employees of the Jail as a defendant, he failed to assert a claim against them as a group or identify any personal involvement with his current claims. All of Morrison's claims pertain to the acts or omissions of the other identified defendants. Accordingly, I terminate the "Albemarle Charlottesville Regional Jail Employees" as a defendant to this action.

III.

For the foregoing reasons, I terminate the "Albemarle Charlottesville Regional Jail Employees" as a defendant to this action.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 12th day of March, 2009.

Senior United States District Judge

3